# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1927 | **DATE** | 10/18/2010 |
| **CASE TITLE** | Corder, et al. vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

For the foregoing reasons, Defendants' motion to dismiss [23] is granted in part and denied in part. Eric Corders' illegal search and illegal execution of a search warrant claims are dismissed with prejudice because they are barred by the doctrine of collateral estoppel. Eric's false arrest claim is dismissed without prejudice because it is *Heck*-barred. Eric's and Elizabeth's intentional infliction of emotional distress claims are dismissed with prejudice because they are time-barred. Defendants' answer as to the remaining claim is to be filed on or before 11/8/10. As all of Eric Corder's claims are dismissed, the Clerk is directed to dismiss Eric Corder as a Co-Plaintiff. A status hearing is scheduled for 11/15/10 at 8:30 a.m. Plaintiff Elizabeth Corder, either in person or through counsel, is required to attend the status hearing. Failure to attend may result in the case being dismissed for lack of prosecution.

■[ For further details see text below.]                                                                 Docketing to mail notices.

# STATEMENT

Plaintiffs, Eric and Elizabeth Corder, bring this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Eric Corder brings claims for an alleged illegal search, false arrest, illegal execution of a search warrant, and intentional infliction of emotional distress. Elizabeth (Eric's mother) brings claims for an alleged illegal search and intentional infliction of emotion distress. Presently before the Court is Defendants' motion to dismiss.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts – as well as any inferences reasonably drawn therefrom – in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.,* 550 U.S. 544, 555-56 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, (2002)). Some factual allegations, however, may be "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)).

Federal Rule of Civil Procedure 8(a)(2) requires, in relevant part, that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Rule 8 reflects a liberal notice pleading requirement that focuses the 'litigation on the merits of the claim' rather than some technicality that might keep a plaintiff out of court. *Brooks*, 578 F.3d at 580 (quoting *Swierkiewicz*, 534 U.S. at 514). Alleging specific facts is not required. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic,* 550 U.S. at 555. The plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell*

*Atlantic*, 550 U.S. at 556.

Furthermore, the district court may take judicial notice of matters of public record without converting motion to dismiss to motion for summary judgment. *See Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000); *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

Plaintiffs allege that on March 28, 2008, Chicago Police Officer Clinton Sebastian coerced Marcie Nichols, by threatening her with a false arrest for cocaine possession, to accompany him to Cook County Court to proffer fabricated testimony to gain a search warrant for Plaintiffs' residence and Eric's person. Officer Sebastian swore to the contents of the affidavit to gain a search warrant for an alleged revolver in Eric's bedroom. Officer Sebastian knew or should have known the affidavit was false because he fabricated and rehearsed it with Nichols, who had a known drug addiction. Officer Sebastian knew that Nichols did not reside with Eric nor was she a visitor to his residence during the material time periods.

The next day (sixteen hours after obtaining the search warrant), Officer Sebastian, Officer Donna Walsh, and fifteen other Chicago police officers made a forced entry, by means of a battering ram, through the rear door of Plaintiffs' residence. No police officers knocked and announced their presence before making the forced entry.

Officer Sebastian found Eric in a bedroom in the basement. Officer Sebastian threw Eric to the floor and pointed his gun to Eric's head even though Eric was unarmed, cooperative, and not resisting arrest. Other officers, with guns drawn, ordered Elizabeth out of her bedroom in spite of seeing that she was unarmed, cooperative, and seventy-five years old.

Officer Sebastian arrested Eric without probable cause for being a felon in possession of a firearm, although he did not find Eric in possession of any firearm. Officers Sebastian and Walsh wrote and swore to false police reports regarding the arrest. Eric was subsequently charged with aggravated unlawful use of a weapon and being a felon in possession of a firearm.

Following his arrest, Eric filed a motion for a hearing based on *Franks v. Delaware*, 438 U.S. 154 (1978), and a motion to suppress evidence based on the alleged illegal execution of the search warrant. Eric's motions in his criminal proceedings made the same argument regarding the affidavit, the resulting search warrant, and the alleged illegal search as are raised in the instant suit. The motions included an affidavit by Elizabeth in support of Eric's arguments. On June 19, 2009, Eric's motions were denied in the criminal proceedings. Eric's subsequent motion to reconsider was also denied. On October 5, 2009, Eric pled guilty to the charge of aggravated unlawful use of a weapon. Eric did not appeal that conviction.

Defendants first argue that Eric's illegal search claims, based on the alleged illegal search warrant and illegal execution of that warrant, are barred by the doctrine of collateral estoppel.

Collateral estoppel, also referred to as issue preclusion, bars the relitigation of issues already litigated and decided in a prior proceeding. *See Adair v. Sherman*, 230 F.3d 890, 893 (7th Cir. 2000). Collateral estoppel can bar a plaintiff from relitigating a Fourth Amendment search-and-seizure claim that he lost at a criminal suppression hearing. *See Allen v. McCurry*, 449 U.S. 90, 104-05 (1980); *Guenther v. Holmgreen*, 738 F.2d 879, 883 (7th Cir. 1984). A claim is barred by the doctrine of collateral estoppel if: (1) the issue sought to be precluded is the same as that involved in a prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom issue preclusion is invoked was represented in the prior action. *See Adair*, 230 F.3d at 893.

Eric concedes that all four elements are present in the instant case. Plaintiff filed motions in his criminal case in which he argued that the warrant was deficient and the police failed to properly knock and announce before entering the home, the same allegations of the instant suit. The state court held a hearing on the motions that included the review of relevant documents and several affidavits. The state court found that the search warrant was not deficient and that the police officers' time between the knock and announce and the entrance into the home was reasonable under the circumstances. These determinations were essential to the state court's decision to deny Eric's motions. Lastly, Eric was the defendant in the criminal case and his counsel filed the motions; thus, he was represented in the action. Accordingly, Eric is barred by the doctrine

of collateral estoppel from arguing that the search warrant was deficient in some respect and that the officers failed to properly knock and announce before entering the home.

Defendants also argue that collateral estoppel bars Elizabeth's illegal search of the residence claim based on Eric's criminal proceedings. Defendants' argument as to Elizabeth's claim is without merit. Elizabeth was not a party to the criminal proceedings and counsel did not represent her interests at those proceedings. Defendants argue that because she assisted in Eric's defense by providing an affidavit in support of his state-court criminal motions, she should be bound as if she was a party to that litigation. While this "virtual representation" theory for the imposition of barring a person in privity with the actual litigant has been applied in some situations, *see Henderson v. Stone*, No. 87 C 2775, 1989 WL 81818 (N.D. Ill. 1989) *aff'd* 930 F.2d 25 (7th Cir. 1991) (table) (holding that collateral estoppel is appropriate against criminal defendant's wife where her interests were presented at the state suppression hearing), the Seventh Circuit has limited its application finding that it "cast[s] more shadows than light on the problem to be decided." *Tice v. American Airlines, Inc.*, 162 F.3d 966, 971 (7th Cir. 1999). Furthermore, to be a virtual representative, courts require an identity of interests and some measure of control or direction over the prior proceedings. *See Montana v. United States*, 440 U.S. 147, 154 (1979) (discussing extensive involvement by the United States in prior litigation). Here, Elizabeth did not have any measure of control or direction over Eric's proceedings and her submission of an affidavit in the proceedings was insufficient to bar her instant claim. Accordingly, Elizabeth's illegal search claim survives.

Defendants next argue that Eric's false arrest claim is *Heck*-barred.

Eric brings the present claims based on the alleged March 29, 2008, illegal search and arrest. The search and arrest resulted in the criminal proceedings against Eric in state court of which he pled guilty to aggravated unlawful use of a weapon. When a state prisoner seeks damages in a civil rights suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Generally, *Heck* does not bar a false arrest claim. *See Wallace v. Kato*, 549 U.S. 384, 395 (2007); *Dominguez v. Hendley*, 54 F.3d 585, 589 (7th Cir. 2008) ("Even if no conviction could have been obtained in the absence of the violation, the Supreme Court has held that, unlike fair trial claims, Fourth Amendment claims as a group do not necessarily imply the invalidity of a criminal conviction, and so such claims are not suspended under the *Heck* bar to suit."), *cert denied*, ___ U.S. ___, 129 S. Ct. 2381 (2009); *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008) (". . . *Heck* does not affect litigation about police conduct in the investigation of a crime."). Notwithstanding that Fourth Amendment claims are generally not *Heck*-barred, a plaintiff can plead himself into a *Heck*-bar by pleading allegations in support of his claim that are inconsistent with his conviction. *See Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008); *McCann*, 466 F.3d at 621. When applying *Heck's* bar against certain actions, "a district court must analyze the relationship between the plaintiff's § 1983 claim and the charge on which he was convicted." *Van Gilder v. Baker*, 435 F.3d 689, 691 (7th Cir. 2006).

Here, Eric pled guilty to aggravated unlawful use of a weapon. Eric concedes that his allegations in the present suit for false arrest are inconsistent with his conviction for aggravated unlawful use of a weapon and that his false arrest claim is *Heck*-barred. Eric's concession is consistent with the facts. The search warrant for Eric's residence and his person were based on his alleged unlawful possession of a firearm. The search resulted in Eric's arrest for being a felon in possession of a firearm. Eric's allegation that he was falsely arrested because he was not in possession of any firearm is inconsistent with his subsequent conviction for aggravated unlawful use of a weapon. Accordingly, Eric's false arrest claim is *Heck*-barred.

Lastly, Defendants argue that both Plaintiffs failed to sufficiently plead their state-tort intentional infliction of emotional distress claims. The Court, however, need not address this argument as these claims are clearly barred by the applicable statute of limitations. *See Best v. City of Portland*, 554 F.3d 698, 700 (7th Cir. 2009) (district court may *sua sponte* raise affirmative defense when the application of the defense is

| STATEMENT |
|---|

"so plain from the face of the complaint that the suit can be regarded as frivolous")

      Plaintiffs allege that the Chicago Police Officers' March 28-29, 2008, conduct constituted intentional infliction of emotional distress. The applicable statute of limitations for an intentional infliction of emotional distress claim against a police officer is one year. *See Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006) (citing 745 ILCS 10/8-101). The tort accrues "at the time the last injurious act occurs or the conduct is abated." *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 285 (2003). The alleged conduct occurred on March 28-29, 2008. Plaintiffs did not file this lawsuit until March of 2010, almost two years after the alleged conduct. Thus, Plaintiffs' intentional infliction of emotional distress claims are time-barred.

      For the foregoing reasons, Defendants' motion to dismiss [23] is granted in part and denied in part. Eric Corders' illegal search and illegal execution of a search warrant claims are dismissed with prejudice because they are barred by the doctrine of collateral estoppel. Eric's false arrest claim is dismissed without prejudice because it is *Heck*-barred. Eric's and Elizabeth's intentional infliction of emotional distress claims are dismissed with prejudice because they are time-barred. Elizabeth may proceed on her illegal search claim.